# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JACK LAWRENCE EARL, JR.,

        Plaintiff,

v.

KELLY GOODE, *et al.*,

        Defendants.

Case No. 3:24-cv-00129-SLG

## ORDER ON MOTION TO REMAND

Before the Court at Docket 13 is Plaintiff Jack Lawrence Earl, Jr.'s Motion to Remand. Defendants Kelly Goode, Laura Brooks, Jacqueline Villacorta, Earl Houser, Eric Nimmo, Angela Strommer, and David Newman responded in opposition at Docket 21. Mr. Earl, who is self-represented, did not reply.

## BACKGROUND

Mr. Earl, who is incarcerated at Goose Creek Correctional Center ("GCCC") in Wasilla, Alaska, asserts claims against individuals who are either employed by or previously employed by the Department of Corrections ("DOC") for violations of his rights under the Americans with Disabilities Act ("ADA"), violations of state law, and for negligent infliction of emotional distress, among other claims.[1] Mr. Earl

---

[1] Docket 5-1 at 1–25.

alleges that he has a disability that had been accommodated by DOC with ADA assistive items for many years until July 2020, when he was transferred to GCCC.[2]

Mr. Earl filed his complaint in Alaska Superior Court on July 7, 2022.[3] He properly served Defendant Earl Houser, who appeared in the state court action through counsel on March 8, 2023.[4] Although the complaint was received at DOC facilities, it was not sent by restricted delivery to the six other named Defendants, none of whom appear to have been served in strict compliance with Alaska Civil Rule 4.[5]

In August 2023, counsel for Mr. Houser entered a limited appearance for the unserved Defendants and moved under Alaska Civil Rule 4(j) for an order to show cause as to why service on the six Defendants had not been completed.[6] On November 21, 2023, Judge Wheeles denied Defendants' motion.[7] Judge Wheeles concluded that "[t]he reality in this case is that the defendants are playing games to avoid the case proceeding to be heard on the merits[,]" "the court considers the entry by [Mr. Houser's] counsel [on behalf of the six unserved defendants]—limited or not—to be constructive acknowledgement of service," and "the court therefore

---

[2] Docket 5-1 at 4–5.

[3] Docket 5-1 at 26.

[4] Docket 5-1 at 73.

[5] *See generally* Docket 5-1.

[6] Docket 5-2 at 6–14.

[7] Docket 5-2 at 87–90.

Case No. 3:24-cv-00129-SLG, *Earl v. Goode, et al.*
Order on Motion to Remand
Page 2 of 8
Case 3:24-cv-00129-SLG    Document 24    Filed 02/24/25    Page 2 of 8

considers counsel to have accepted service on behalf of the additional six defendants for whom counsel has entered his limited appearance," including Ms. Villacorta.[8] Judge Wheeles also ordered these Defendants, including Ms. Villacorta, to file an answer by January 2, 2024.[9]

But Defendants did not then file their answer. Rather, on January 16, 2024, the six remaining Defendants, including Ms. Villacorta, moved to dismiss Mr. Earl's complaint against them for lack of personal jurisdiction based on Mr. Earl's asserted failure to complete service.[10] On March 19, 2024, Judge Wheeles denied the motion, noting that, although Defendants argued that they authorized counsel to defend them, but not to accept service of process on their behalf, Defendants' authorization established that they had actual notice of the matter and had appeared through their counsel.[11] Further, Judge Wheeles found that it was appropriate to relax the service requirements pursuant to Alaska Civil Rule 94 and that the service requirements had been met.[12] On April 8, 2024, these Defendants then filed their answer to the complaint, except for Ms. Villacorta, who counsel then indicated he had not yet been able to contact.[13] Counsel there indicated that if he

---

[8] Docket 5-2 at 88–89.

[9] Docket 5-2 at 89.

[10] Docket 5-2 at 105–11.

[11] Docket 5-2 at 178-85.

[12] Docket 5-2 at 184.

[13] Docket 5-2 at 186 & n.1.

Case No. 3:24-cv-00129-SLG, *Earl v. Goode, et al.*
Order on Motion to Remand
Page 3 of 8
Case 3:24-cv-00129-SLG   Document 24   Filed 02/24/25   Page 3 of 8

did not receive a prompt response to his efforts to contact her, he would be moving to withdraw as to her.[14] Instead, on June 4, 2024, counsel for all Defendants filed Ms. Villacorta's Answer to the Complaint in the state court case.[15] In that Answer, Ms. Villacorta admitted that the state court had "jurisdiction over all parties."[16] Then, on June 20, 2024, Ms. Villacorta, filed a notice of removal.[17] In the notice, counsel stated that Ms. Villacorta "hereby consents to and removes the state court action."[18] The notice also asserted that the removal was timely because the complaint and summons "were never received by Jacqueline Villacorta."[19]

## LEGAL STANDARD

Pursuant to 28 U.S.C. §§ 1331 and 1441(a), a defendant may remove a civil action filed in state court to a federal district where the action "aris[es] under the Constitution, laws, or treaties of the United States." Where removal is premised on the existence of a federal question, federal courts "strictly construe the removal statute against removal jurisdiction."[20] "If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it

---

[14] Docket 5-2 at 186 n.1.

[15] Docket 5-2 at 218.

[16] Docket 5-2 at 218.

[17] Docket 1.

[18] Docket 1 at 1.

[19] Docket 1 at 3.

[20] *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citation omitted).

Case No. 3:24-cv-00129-SLG, *Earl v. Goode, et al.*
Order on Motion to Remand
Page 4 of 8

must remand the action to the state court."[21] "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'"[22]

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."[23]

## DISCUSSION

Mr. Earl asserts that Ms. Villacorta failed to timely remove this action as his complaint unambiguously raised a federal question and she did not remove within 30 days.[24] Defendants respond that Ms. Villacorta properly removed this action on June 20, 2024, "because [she] has never received a copy, by service or otherwise of the complaint or summons."[25] In Defendants' view, "the 30-day window for Ms. Villacorta to timely file a notice of removal never began to run making her filing of a notice of removal on [June] 20, 2024 timely."[26] Defendants also caution that the Court "should not rely on the superior court's order on

---

[21] *Id.* at 1057.

[22] *Id.* (quoting *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

[23] 28 U.S.C. § 1446(b)(1).

[24] Docket 14 at 5–6.

[25] Docket 21 at 5–6.

[26] Docket 21 at 6.

Case No. 3:24-cv-00129-SLG, *Earl v. Goode, et al.*
Order on Motion to Remand
Page 5 of 8
Case 3:24-cv-00129-SLG     Document 24     Filed 02/24/25     Page 5 of 8

constructive service to preclude Ms. Villacorta her right to remove to federal court" as "[t]here are significant constitutional concerns with a court eliminating a defendant's procedural right . . . without having acquired personal jurisdiction."[27]

Here, the Alaska Superior Court determined on November 21, 2023, that Ms. Villacorta had been constructively served with the complaint and summons by that date.[28] And, on March 19, 2024, the state court again found that the service requirements of the Alaska Civil Rules had been met with respect to all named Defendants, including Ms. Villacorta.[29] Ms. Villacorta's notice of removal, which was filed on June 20, 2024, is untimely as it was filed well beyond 30 days after these dates.

Defendants insist that Ms. Villacorta has never received or seen a complaint or summons.[30] But they have not made that showing. Counsel submitted an affidavit averring that he first spoke to Ms. Villacorta on July 6, 2024, and that, "[d]uring this conversion, she confirmed that she had never received or seen a copy of the summons or complaint in this matter."[31] Counsel's assertions as to what Ms. Villacorta may have told him are inadmissible hearsay.[32] Moreover,

---

[27] Docket 21 at 7.

[28] Docket 5-2 at 87–90.

[29] Docket 5-2 at 184–85.

[30] Docket 21 at 5–6.

[31] Docket 22 at ¶¶ 2–3.

[32] See Fed. R. Evid. 801(c); Fed. R. Evid. 802.

Case No. 3:24-cv-00129-SLG, *Earl v. Goode, et al.*
Order on Motion to Remand
Page 6 of 8
Case 3:24-cv-00129-SLG     Document 24     Filed 02/24/25     Page 6 of 8

these assertions are at odds with counsel filing Ms. Villacorta's answer to the complaint in state court and a notice of removal on Ms. Villacorta's behalf and with her consent in this Court. Either Ms. Villacorta was aware of the complaint brought against her before she agreed to be represented by counsel and counsel took significant action on her behalf in both state and federal court or counsel risked violating the Alaska Rules of Professional Conduct, which, among other things, require lawyers to obtain the informed consent of their client before taking binding action in a matter.[33]

Finally, Defendants maintain that the Court should disregard the Alaska Superior Court's order that found constructive service had occurred because "[t]here are significant constitutional concerns with a court eliminating a defendant's procedural right . . . without having acquired personal jurisdiction."[34] But full faith and credit requires that this Court accept the state court's orders and precludes Defendants from collaterally attacking those orders here.[35] Any challenge to the state court's order lies in the Alaska Supreme Court. In any event, § 1446(b) does not require Ms. Villacorta to have been formally served pursuant

---

[33] Alaska R. Pro. C. 1.4(b).

[34] Docket 21 at 7.

[35] 28 U.S.C. § 1738 (State "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."); *see Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.,* 973 F.2d 711, 713 (9th Cir. 1992).

Case No. 3:24-cv-00129-SLG, *Earl v. Goode, et al.*
Order on Motion to Remand
Page 7 of 8
Case 3:24-cv-00129-SLG   Document 24   Filed 02/24/25   Page 7 of 8

to Rule 4 to begin the 30-day clock for removal; rather, it is enough that she had "otherwise" received the complaint, which the state court determined she had no later than November 2023.[36]

## CONCLUSION

For the foregoing reasons, Mr. Earl's Motion to Remand at Docket 13 is GRANTED. This matter is REMANDED to the Third Judicial District in Anchorage.

DATED this 24th day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[36] 28 U.S.C. § 1146(b)(1).

Case No. 3:24-cv-00129-SLG, *Earl v. Goode, et al.*
Order on Motion to Remand
Page 8 of 8
Case 3:24-cv-00129-SLG    Document 24    Filed 02/24/25    Page 8 of 8